UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: _____

ALEXANDRA SCHATZ,

    Plaintiff,
v.

CENTR BRANDS CORP.

    Defendants,
_____/

## COMPLAINT

Plaintiff ALEXANDRA SCHATZ ("Plaintiff" or "Schatz") sues defendant CENTR BRANDS CORP. ("Defendant"), and alleges:

### NATURE OF THE ACTION

1. This is an action by Plaintiff under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII"); the Pregnancy Discrimination Act ("PDA"); and the Florida Civil Rights Act of 1992, Fla. Stat. § 760 *et seq.* ("FCRA"), to redress injury done to her by Defendant's discriminatory, treatment on the basis of sex.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this matter pursuant to Florida's Long Arm Statute § 48.193(1)(a), Fla. Stat. which provides in relevant part that "[a] that person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts: (1) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state Alternately, This Court has subject matter jurisdiction over this matter pursuant to Florida's Long Arm Statute §

48.193(2), Fla. Stat. which provides that "[a] defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity."

3. This Court has jurisdiction over this action under 42 U.S.C. § 2000e *et seq.*, and 28 U.S.C. §§ 1331, 1343(3) and (4) and 1367(a).

4. Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1391, because Defendant has sufficient contacts in this District to "subject it to personal jurisdiction if [the Middle District of Florida] were a separate State." See 28 U.S.C.S. § 1391(d).

5. Plaintiff also invokes the supplemental jurisdiction of this Court to hear and decide claims arising under the laws of the State of Florida that are so related to claims in the action within the original jurisdiction of this district Court that they form part of the same case or controversy under Article III of the United States Constitution. Specifically, Plaintiff is bringing claims under the FCRA.

6. The amount in controversy is in excess of $75,000.00.

**PARTIES**

7. Plaintiff is a resident of Orange County, Florida, who was employed by Defendant and, as a woman who was pregnant is a member of certain protected classes of persons.

8. At all times material to this Complaint, Plaintiff was an "employee" and "aggrieved person" as defined by 42 U.S.C. § 2000e(f); 42 U.S.C. § 12111(4); and Fla. Stat. § 760.02(10). Plaintiff specifically incorporates the definitions of "employee" and "aggrieved person."

9. On information and belief, Defendant CENTR BRANDS CORP. is a Canadian corporationheadquartered in Vancouver, British Columbia and as a corporate office in San Francisco CA.

10. On information and belief, the Defendant is one of North America's leading functional wellness beverage companies. The Company develops and markets non-alcoholic, functional beverages and powders for the global market.

11. On information and belief, the Defendant markets and sells its products throughout the United States, including at hundreds of retail locations in Florida.

12. During Plaintiff's employment, she was a regional sales manager for multiple states, including Florida.

13. Although she traveled for work, a substantial portion of the work that Plaintiff did for Defendant was conducted at her home office in Orange County, FL.

14. At all times material, Defendant was an "employer" as defined by 42 USCS § 12111(5); 42 USC § 2000e(a) and (b); 42 U.S.C. § 12111(4); and Fla. Stat. § 760.02(7). Plaintiff specifically incorporates the definition of "employer."

15. At all times material, Defendant employed fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

## PROCEDURAL REQUIREMENTS

16. All conditions precedent to bringing this action have been fulfilled. Plaintiff dual-filed Charges of Discrimination with the EEOC, and with the Florida Commission on Human Relations within 300 days of the alleged violation. To date, over six (6) months have passed since the filing of the complaints. On or about February 9, 2023, the U.S. Equal Employment Opportunity Commission issued to Plaintiff a Dismissal and Notice of Rights with respect to such charge of discrimination. ***See* composite Exhibit "A."**

## STATEMENT OF FACTS

17. Plaintiff began working for Defendant as a regional sales manager for Defendant's gulf coast region, which consisted of Florida and Tennessee in April 2021.

18. She was offered a starting salary of $85,000.00 per year and was to receive a car allowance of up to $500 per month and, a mobile phone allowance of up to $100 a month.

19. After several months of working for Defendant, Plaintiff learned that she was making significantly less than her male counter parts with equal or even less experience, and equal or less responsibilities.

20. While Plaintiff was making $85,000.00 per year three male regional managers on her team were making between $125,000.00 to $150,000.00 per year.

21. At a sales conference held in San Jose, CA in September 2021, Plaintiff informed Defendant's President Arjan Chima that she was aware of the disparity in pay and asked if it was because she was woman.

22. Mr. Chima denied that and said it was based on experience, even though Plaintiff and Regional Managers Darren Burke and Curt Leonard had similar experience.

23. Despite the initial justification of experience, on, or about, September 29, 2021, Defendant raised Plaintiff's salary to $100,000.00 per year.

24. While this was an increase, it was still $25,000 to $50,000 less than her male counter parts.

25. However, in addition to the increase, Defendant attempted to add the state of Texas to her territory.

26. Plaintiff responded that she would need to be paid more due to increased travel

and the need for childcare,

27. Defendant removed the state of Texas and gave it to Darren Burke.

28. Plaintiff was subsequently told that she would have a review in December where a salary increase to what she thought was fair would be discussed.

29. At the review Mr. Chima stated there was nothing that could be done because sales had not gotten any better.

30. Defendant then added Kentucky and Delaware to Plaintiff's territory with no pay increase.

31. In January 2022, Plaintiff notified Defendant that she was pregnant, and Mr. Chima said he would have to get back to her, because Defendant had no maternity policy.

32. Mr Chima later sent Plaintiff a policy indicating that she could take 5 weeks paid and 5 weeks unpaid, as well as any vacation time that was not used.

33. However, if she were terminated or left the company Plaintiff would be responsible for paying back the vacation pay that was used.

34. As an alternative Plaintiff proposed that she would receive eight weeks paid, consisting of three weeks completely offline and five weeks working from home, and three months of no travel outside of Florida.

35. Plaintiff also indicated that she did not want to use vacation and was not able to take five weeks unpaid leave. Plaintiff also relayed that her doctor cleared her to travel until May 22, 2022, and then he would like her to remain local.

36. Mr. Chima indicated that he agreed to this arrangement However, just a few months later Plaintiff was terminated.

37. On April 22, 2022, Plaintiff received a call from Mr. Chima with Defendant's CEO Joseph Meehan, also on the line.

38. She was notified that she was being terminated as of that date but would be paid until April 29, 2022.

39. When Plaintiff asked the reason, she was simply told that Defendant were going a different direction.

40. During a subsequent phone call on April 25, 2022, with Mr. Chima he stated that Defendant was not going to have anyone in her region due to sales.

41. However, Plaintiff's states were selling similar if not more to the regional mangers that were not terminated.

## COUNT I:
## VIOLATION OF TITLE VII: DISCRIMINATION BASED ON SEX

42. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-42 above as if set out in full herein.

43. Plaintiff is a member of a protected class of women.

44. At all times material hereto, Defendant failed to comply with Title VII [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to: (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend

to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

45. Plaintiff' was treated differently than her male coworkers in the same position with the same, or substantially the same experience.

46. Specifically, during the course of her employment Plaintiff was paid significantly less than her male counter parts with equal or even less experience, and equal or less responsibilities.

47. Plaintiff was ultimately terminated and told that it was because of the sales in her region, however Plaintiff's regional sales were similar if not more than the male regional mangers that were not terminated.

48. The Defendant's decision to underpay, and ultimately terminate Plaintiff was because of Plaintiff's sex. Alternatively, Plaintiff's sex was a motivating factor in the Defendant's decision to discriminate against Plaintiff.

49. Plaintiff was qualified for the position she held with Defendant.

50. The Defendant is a sophisticated employer that has actual knowledge of the requirements of Title VII.

51. The failure of the Defendant to adhere to the mandates of Title VII was willful and its violations of the provisions of Title VII were willful.

52. The Defendant, through its employment practices, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on

account of her sex in violation of Title VII with respect to its decision to treat Plaintiff differently from other employees.

53. Plaintiff's treatment by the Defendant and Plaintiff's termination from her employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of her sex. Alternatively, Plaintiff's sex was a motivating factor that made the Defendant treat Plaintiff disparately and terminate her.

54. Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by the Defendant is a mere pretext for the actual reason for the termination from employment – Plaintiff's sex.

55. Discrimination on the basis of sex constitutes unlawful discrimination.

56. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

**WHEREFORE**, Plaintiff ALEXANDRA SCHATZ respectfully requests that this court order the following:

a) Enter judgment in Plaintiff's favor and against the Defendant for its violations of Title VII;

b) Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c) Award Plaintiff compensatory damages under Title VII for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

d) Award Plaintiff prejudgment interest on her damages award;

e) Award Plaintiff reasonable costs and attorney's fees; and

f) Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## COUNT II:
## VIOLATION OF THE FCRA: DISCRIMINATION BASED ON SEX

58. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-42 and above as if set out in full herein.

59. At all times material hereto, the Defendant failed to comply with the FCRA [Florida Statutes Section 760.10] which states,

> "*It is an unlawful employment practice for an employer: To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race*, color, *religion, sex, national origin, age, handicap, or marital status.*"

60. Plaintiff is a member of a protected class of women.

61. The Defendant's decision to discriminate against Plaintiff, as more fully described in paragraphs 18 - 42 was because of her sex. Alternatively, Plaintiff's sex was a motivating factor that caused the Defendant to discriminate against Plaintiff.

62. At all relevant times aforementioned, including the time of discrimination, the Defendant was aware that Plaintiff was a woman.

63. Plaintiff was qualified for the position that she held at the Defendant.

64. Plaintiff was discriminated against by Defendant because she was a woman.

65. The Defendant is a sophisticated employer who has actual knowledge of the requirements of the FCRA.

66. The failure of the Defendant to adhere to the mandates of the FCRA was willful and its violations of the provisions of the FCRA were willful.

67. The Defendant, through its employment practices, willfully, and with malicious or reckless disregard of Plaintiff's State protected rights, discriminated against Plaintiff because of her race in violation of the FCRA with respect to its decision to treat Plaintiff differently from other employees.

68. The Defendant discriminated against and terminated Plaintiff and Plaintiff's underpayment and termination from employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of Plaintiff's sex.

69. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental anguish, humiliation, and pain and suffering.

70. Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by the Defendant is a mere pretext for the actual reasons for the termination from employment – Plaintiff's sex.

71. Discrimination on the basis of race constitutes unlawful discrimination in violation of the FCRA.

**WHEREFORE**, Plaintiff ALEXANDRA SCHATZ respectfully requests that this court order the following:

a) Enter judgment in Plaintiff's favor and against the Defendant for its violations of the FCRA;

b) Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c) Award Plaintiff compensatory damages under the FCRA for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

d) Award Plaintiff prejudgment interest on her damages award;

e) Award Plaintiff reasonable costs and attorney's fees; and

f) Grant Plaintiff such other and further relief, as this Court deems equitable and just.

**COUNT III:**
**VIOLATION OF TITLE VII:**
**AS AMENDED BY THE PREGNANCY DISCRIMINATION ACT**

67. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-37 and above as if set out in full herein.

68. In January 2022, Plaintiff notified Defendant that she was pregnant, and Defendant's President Mr. Chima said he would have to get back to her, because Defendant had no maternity policy.

69. Plaintiff notified Defendant that her doctor cleared her to travel until May 22, 2022, and then he would like her to remain local.

70. Although Mr. Chima indicated that he agreed to this arrangement However, just a few months later Plaintiff was terminated.

71. On April 22, 2022, Plaintiff received a call from Mr. Chima and Defendant's CEO Joseph Meehan, notifying Plaintiff she was terminated.

57. Plaintiff was told that her termination was because of the sales in her region, however Plaintiff's regional sales were similar if not more than the non-pregnant regional mangers that were not terminated.

58. The Defendant's decision to terminate Plaintiff was because of Plaintiff's pregnancy. Alternatively, Plaintiff's pregnancy was a motivating factor in the Defendant's decision to discriminate against Plaintiff.

59. Plaintiff was qualified for the position she held with Defendant.

60. The Defendant is a sophisticated employer that has actual knowledge of the requirements of the PDA.

61. The failure of the Defendant to adhere to the mandates of PDA was willful and its violations of the provisions of PDA were willful.

62. The Defendant, through its employment practices, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of her pregnancy in violation of the PDA with respect to its decision to treat Plaintiff differently from other employees.

63. Plaintiff's termination from her employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of her pregnancy. Alternatively, Plaintiff's pregnancy was a motivating factor that made the Defendant terminate her.

64. Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by the Defendant is a mere pretext for the actual reason for the termination from employment – Plaintiff's pregnancy.

65. Discrimination on the basis of pregnancy constitutes unlawful discrimination.

66. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

**WHEREFORE**, Plaintiff ALEXANDRA SCHATZ respectfully requests that this court order the following:

a) Enter judgment in Plaintiff's favor and against the Defendant for its violations of the PDA;

b) Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

  c) Award Plaintiff compensatory damages under the PDA for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

  d) Award Plaintiff prejudgment interest on her damages award;

  e) Award Plaintiff reasonable costs and attorney's fees; and

  f) Grant Plaintiff such other and further relief, as this Court deems equitable and

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues so triable.

Dated: March 9, 2023

Respectfully submitted,

**s/Brandon J. Gibson**
Brandon J. Gibson
Florida Bar No.: 0099411
E-mail : bgibson@rtrlaw.com
RTRLAW
3333 W. Commercial Blvd., Suite 200
Fort Lauderdale, FL 33309
Telephone : (954) 370-5152
Fax : (954) 370-1992

*Counsel for Plaintiff(s)*