UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ALEXANDRA SCHATZ,**

        **Plaintiff,**

v.                                    Case No: 6:23-cv-421-RBD-DCI

**CENTR BRANDS CORP.,**

        **Defendant.**

## ORDER

This cause comes before the Court for consideration with oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **Motion to Withdraw as Counsel for Plaintiff and Second Motion for Extension of Time to Comply with Local Rule 1.10(c) to Apply for Default Final Judgment (Doc. 66)** |
| **FILED:** | **August 12, 2024** |
| **MOTION:** | **Plaintiff's Motion for Default Judgment (Doc. 68)** |
| **FILED:** | **August 20, 2024** |

**THEREON** it is **ORDERED** that the Motion to Withdraw (Doc. 66) is **GRANTED** and the Motion for Default Judgment (Doc. 68) is **DENIED WITHOUT PREJUDICE.**

On August 22, 2024, the Court conducted a hearing on Plaintiff's Attorneys' Motion to Withdraw as Counsel for Plaintiff and Second Motion for Extension of Time to Comply with Local Rule 1.10(c) to Apply for Default Final Judgment (Doc. 66, "the Motion to Withdraw") and Plaintiff's Motion for Default Judgment (Doc. 68, "the Motion for Default").[1]  While Attorney

---

[1] On June 18, 2023, the Clerk entered default.  Doc. 63.

Brian D. Gottlieb, Esq. ("Gottlieb") filed the Motion to Withdraw on behalf of the RTRLAW, LLP firm, the Court recognizes appearances – and withdrawals – by attorneys, not law firms. The Court, therefore, construes the Motion to Withdraw as it relates to Attorneys Gottlieb, Lance C. Rudzinski ("Rudzinski") and Alison Breiter ("Breiter").

For the reasons stated at the hearing, it is **ORDERED** that:

1. the Motion to Withdraw (Doc. 66) is **GRANTED** as follows:

   a. Attorneys Gottlieb, Rudzinski, and Breiter are hereby terminated and withdrawn as counsel in this case;

   b. Plaintiff now proceed *pro se* unless and until new counsel makes an appearance on her behalf;

   c. Plaintiff remains obligated to comply with all pending deadlines and orders in this case and is cautioned that any motion not responded to within the time provided by the rules of this Court will be deemed unopposed and ruled upon without further warning (*see* Local Rule 3.01);

   d. as a *pro se* litigant, Plaintiff is subject to the same laws and rules of court as litigants who are represented by counsel, including the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Rules of this Court;

   e. in particular, if Plaintiff needs additional time to comply with any deadline set by the Case Management and Scheduling Order, Plaintiff must file a motion with the Court seeking an extension of time supported by good cause and, as with all motions, must confer in person or by telephone with opposing counsel prior to filing the motion and certify in the motion that conferral occurred (Local Rule 3.01(g)); and

    f. Plaintiff is cautioned that a failure to comply with the deadlines in this case set by the rules and orders of this Court may result in sanctions;

2. Plaintiff's Motion for Default (Doc. 68) is **DENIED without prejudice** as insufficient as stated on the record at the hearing; and

3. **on or before October 22, 2024**, Plaintiff must file a Second Motion for Default Judgment in accordance with the Federal Rules of Civil Procedure and Local Rules of this Court. The failure to do so within the allotted time may result in the dismissal of this action without further warning for failure to prosecute. *See* Local Rule 3.10.

**ORDERED** in Orlando, Florida on August 22, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE