UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ALEXANDRA SCHATZ,

      Plaintiff,

v.     Case No: 6:23-cv-421-RBD-DCI

CENTR BRANDS CORP.,

      Defendant.

ORDER

By Order dated August 22, 2024, the Court denied without prejudice Plaintiff's First Motion for Default Judgment against Defendant because it was insufficient. Doc. 71. The Court directed Plaintiff to file a second motion in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court. *Id*. Pending before the Court is Plaintiff's Second Motion for Default Judgment. Doc. 75 (the Motion). The Motion is still deficient.

Before entering default judgment, the Court must ensure that it has jurisdiction over the claims and parties, and that the well-pled factual allegations of the complaint, which are assumed to be true, adequately state a claim for which relief may be granted. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] It is Plaintiff's burden to address the elements of the causes of action and the specific, well-pled facts in the operative complaint that satisfy each of those elements.

---

[1] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

Here, Plaintiff argues entitlement to damages and attorney fees and costs but provides no discussion regarding the substance of her claims. Plaintiff brings three counts for relief against Defendant for discrimination based on sex under Title VII (Count One) and the FCRA (Count Two), and violation of the Pregnancy Discrimination Act (Count Three) but cites to no authority and gives no analysis in the Motion to address the elements of any of her claims under the applicable law.

As such, Plaintiff has not set forth the elements for her discrimination claims nor has Plaintiff demonstrated how the well-pled allegations of the Complaint establish each element. It is not the Court's role to determine which of the allegations in the Complaint satisfy the elements of the claims. *See United States ex. rel. Phoenix Metals Co. v. Worthfab, LLC*, 2020 U.S. Dist. LEXIS 118796, at *2 (M.D. Fla. July 7, 2020) (denying without prejudice a motion for default judgment because the plaintiff did not discuss the elements for each claim, provide citations to authority as to these elements, and support each element by pinpoint citation to the factual allegations in the complaint); *Gonopolsky v. Korchak*, 2007 WL 1549429, at *2 (May 25, 2007) (finding that a motion for default judgment was insufficient because there was no discussion of the elements of each cause of action and how the allegations of the complaint, taken as true, satisfy the elements).

Should Plaintiff decide to renew the request for default judgment, Plaintiff shall comply fully with Local Rule 3.01(a) and, in particular, address the elements of the causes of action for which default judgment is sought and the specific, well-pled facts in the operative pleading that satisfy each of those elements.

Accordingly, it is **ORDERED** that:

1. Plaintiff's Motion (Doc. 75) is **DENIED without prejudice**; and

2. **on or before November 11, 2024**, Plaintiff may file another motion for default judgment in accordance with this Order, the Federal Rules of Civil Procedure, and the Local Rules of this Court.

**Failure to file the motion for default judgment within the allotted time may result in dismissal of this action for failure to prosecute without further notice.**

**ORDERED** in Orlando, Florida on October 28, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties