UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ALEXANDRA SCHATZ,

      Plaintiff,

v.                                              Case No: 6:23-cv-421-RBD-DCI

CENTR BRANDS CORP.,

      Defendant.

## ORDER

Plaintiff brought this case against Defendant CENTR Brands Corp. under Title VII and the Florida Civil Rights Act (FCRA). Doc. 1. Pending before the Court is Plaintiff's Third Motion for Default Judgment. Doc. 77 (the Motion). On February 11, 2025, the Court conducted a hearing to address the issue of damages and interest, and Plaintiff submitted exhibits and gave testimony in support of her claim. A review of the evidence submitted at the hearing raises concerns regarding personal jurisdiction and Plaintiff's request for default against Defendant CENTR Brands Corp.

Before granting a motion for default judgment, a court must "ensure that it has jurisdiction over the claims and parties[.]" *Sec. and Exch. Comm'n v. Martin*, 2019 WL 1649948, at *2 (M.D. Fla. Apr. 1, 2019), *report and recommendation adopted*, 2019 WL 1643203 (M.D. Fla. Apr. 16, 2019); *see also Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001) ("'[W]hen entry of judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.]'") (quoting *Williams v. Life Savings and Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986)).

During the February 11, 2025 hearing, Plaintiff admitted into evidence a letter dated April 11, 2021 with a subject line of "Offer of Employment[.]" The letter, addressed to Plaintiff, includes the following statement:

> We are very pleased to offer you a position with CENTR Brands USA LLC (the "Company"). This offer letter describes the terms and conditions of employment here at the Company[.]

The contact information for "CENTR Brands USA LLC" is provided at the bottom of the letter. Plaintiff also admitted into evidence a letter dated April 11, 2022 with a subject line of "Termination of Employment[.]" The letter, again addressed to Plaintiff, includes the following statement:

> This letter confirms your discussion today with Arjan Chima and Joseph Meehan, giving you notice of the termination of your employment with CENTR Brands USA LLC. Your final day of employment is April 29, 2022.

The contact information for CENTR Brands USA LLC appears at the bottom of the letter.

Despite being identified in these exhibits as the employer, Plaintiff did not name "CENTR Brands USA LLC" as the entity that allegedly violated her rights under Title VII and the FCRA. *See* Doc. 1. She only names Defendant CENTR Brands Corp. in the Complaint and identifies that entity as her employer. *Id*. at 3, 4. As such, Plaintiff's exhibits seem to conflict with her allegations. And "[w]hen the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205-06 (11th Cir. 2007); *see also Wouaff Wouaff LLC v. McElroy*, 2018 WL 6620601, at *2 (M.D. Fla. Nov. 1, 2018) (M.D. Fla. Nov. 1, 2018), *report and recommendation adopted by*, 2019 WL 1470263 (M.D. Fla. Apr. 3, 2019) (denying a plaintiff's motion for entry of default finding that the exhibit regarding the defendant's alleged interstate or foreign commerce contradicted the averments in the complaint and the exhibit controlled) (citations omitted).

This conflict calls into question the existence of personal jurisdiction. Namely, if CENTR Brands LLC was Plaintiff's employer based on the evidence, how can the Court enter default against Defendant CENTR Brands Corp. when Plaintiff simply makes no allegation regarding that entity's relationship to CENTR Brands LLC or CENTR Brands LLC's contacts with the forum? Assuming *arguendo* Plaintiff will claim that Defendant CENTR Brands Corp. is liable as the parent company of CENTR Brands LLC, how can the Court grant Plaintiff relief if that allegation is not in the Complaint and if there are no allegations in the Complaint regarding the subsidiary's contacts with this jurisdiction? *See Consolidated Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1293 (11th Cir. 2000) ("It is well established that as long as a parent and a subsidiary are separate and district corporate entities, the presence of one in a forum state may not be attributed to the other."); *see also Andrew v. Radiancy, Inc.*, 2017 WL 2692840, at *4 (M.D. Fla. June 22, 2017) ("Personal jurisdiction over a parent company does not exist unless the parent company exercises 'control to the extent the subsidiary 'manifests no separate corporate interests of its own and functions solely to achieve the purposes of the dominant corporation.'") (quoting *Vantage View, Inc. v. Bali E. Dev. Corp.*, 421 So.2d 728, 733 (Fla. 4th DCA 1982)).

Even so, the Court notes that personal jurisdiction can be waived.[1] "It is well-settled that lack of personal jurisdiction is a waivable defect, and that a defendant waives any objection to the

---

[1] Plaintiff filed an executed waiver of service of the summons and Federal Rule of Civil Procedure 4(k)(1)(A) provides that "serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." As such, in addition to adequate service of process, the party moving for default judgment must demonstrate that a court has jurisdiction over the parties. *See Nationwide Mut. Fire Ins. Co. v. Creation's Own Corp., S.C.*, 2011 WL 6752561, at *2 (M.D. Fla. Nov. 16, 2011), *report and recommendation adopted*, 2011 WL 6752557 (M.D. Fla. Dec. 22, 2011) ("In addition to a showing of adequate service of process (or a showing sufficient to establish waiver of same), a Court must assure itself of jurisdiction over the action and the parties."). This requires a showing that "a defendant is within the substantive reach of a forum's

district court's jurisdiction over his person by not objecting to it in a responsive pleading or a Fed.R.Civ.P. 12 motion." *Palmer v. Braun*, 376 F.3d 1254, 1259 (11th Cir. 2004) (citation omitted). But here, Defendant CENTR Brands Corp. initially denied Plaintiff's allegation that this Court has personal jurisdiction over it. Before abandoning its defense of this matter, Defendant CENTR Brands Corp. filed an Answer and Affirmative Defenses wherein it denied jurisdiction and included as its First Defense that "Plaintiff's Complaint fails because this Court lacks jurisdiction over CENTR Brands Corp." Doc. 26 at 2, 11.

So, the Court has exhibits before it that reflect another entity was Plaintiff's employer and the purported defaulting party has raised an objection to the Court's jurisdiction. Based on the foregoing, on this record, the Court cannot determine that it has personal jurisdiction over the named defendant and, even if it does, why the Court should enter default judgment against that entity when the evidence reflects that another unnamed entity, albeit possibly a subsidiary, was Plaintiff's former employer. Plaintiff does not assist the Court in finding an answer to any of these questions because she does not address jurisdiction in the underlying Motion.

Accordingly, the Court has determined that supplemental briefing is necessary. The supplement, with citation to authority, should address all aspects of the Court's inquiry into granting default judgment including, but not limited to, assisting the Court's evaluation of (1) the apparent contradiction between the allegations in the Complaint and the exhibits and (2) the overall basis for this Court's purported personal jurisdiction.

---

jurisdiction under applicable law." *Prewitt Enters., Inc. v. Org. of Petroleum Exp. Countries*, 353 F.3d 916, 925 n.15 (11th Cir. 2003).

Accordingly, it is **ORDERED** that **on or before March 5, 2025**, Plaintiff shall file a supplement to the Motion (Doc. 77) to address the Court's concerns as set forth in this Order.

**ORDERED** in Orlando, Florida on February 20, 2025.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties