**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**ALEXANDRA SCHATZ,**

       **Plaintiff,**

**v.**                                                   **Case No: 6:23-cv-421-RBD-DCI**

**CENTR BRANDS CORP.,**

       **Defendant.**

## ORDER

Plaintiff brought this case against Defendant CENTR Brands Corp. under Title VII and the Florida Civil Rights Act (FCRA). Doc. 1. Pending before the Court is Plaintiff's Third Motion for Default Judgment. Doc. 77 (the Motion). On February 11, 2025, the Court conducted a hearing to address the issue of damages and interest, and Plaintiff submitted exhibits and gave testimony in support of her claim. The evidence, however, raised concerns regarding the named defendant. In particular, Plaintiff names CENTR Brands Corp. as Defendant with no mention of CENTR Brands USA, LLC even though her exhibits reflect that the limited liability company was Plaintiff's employer. Accordingly, the Court directed Plaintiff to file a supplement to address personal jurisdiction and Plaintiff's request for default against Defendant CENTR Brands Corp. Doc. 91.[1]

---

[1] The Court noted that the exhibits reflect that CENTR Brands USA, LLC was Plaintiff's employer, and CENTR Brands Corp., the purported defaulting party, raised an objection to the Court's jurisdiction. Doc. 91. Based on the foregoing, the Court decided that it could not determine that it has personal jurisdiction over the named Defendant and, even if it does, the Court questioned why it should enter default judgment against that entity when the evidence reflects that another unnamed entity, albeit possibly a subsidiary, was Plaintiff's former employer. *Id*. Since Plaintiff did not address jurisdiction in the Motion, the Court directed Plaintiff to file a supplement. *Id*.

Plaintiff filed a Notice of Filing Supplemental Briefing and submitted exhibits. Doc. 94 (the Supplement). The Court then granted Plaintiff's subsequent request to file a "supplement to the Supplement" but, within the same Order, the Court directed Plaintiff to address the jurisdictional question within that brief. Doc. 98. Namely, the Court directed Plaintiff to address the Court's repeated concern related to her failure to allege Defendant CENTR Brands Corp.'s relationship to CENTR Brands USA, LLC in the Complaint and her ability to clarify that relationship at the motion for default judgment stage with no amendment to the pleading. *Id.*[2]

Plaintiff has since filed a "Notice of Filing Additional Supplemental Briefing." Doc. 99 (the Notice). In the Notice, Plaintiff calls the failure to name CENTR Brands USA, LLC a "technical deficiency" and she provides two cases that purportedly support her position that "Plaintiff's failure to specifically allege the parent-subsidiary relationship does not negate the existence of such a relationship, which can be established through evidence." *Id.* at 2 (citing *In re Nilhan Fin., LLC*, 627 B.R. 529 (Bankr. M.D. Fla. 2021); *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 2021 U.S. Dist. LEXIS 164171 (M.D. Fla. Nov. 16, 2012)).[3] Plaintiff may have proof that the

---

[2] Specifically, the Court inquired as to its ability to enter default judgment against Defendant CENTR Brands Corp. when Plaintiff makes no allegation in the Complaint regarding that entity's relationship to CENTR Brands LLC. Doc. 98 at 2. The Court noted that Defendant CENTR Brands Corp. may be CENTR Brands USA, LLC's parent company with "no semblance of independence" as Plaintiff asserts, but Plaintiff fails to make this allegation in the operative pleading. *Id.* Notably, the Court stated that perhaps the law permits Plaintiff to explain and support her decision to sue only the parent company through argument presented solely in a motion for default judgment without amendment to the Complaint, but Plaintiff did not provide that authority to the Court. *Id.* Plaintiff did not address this issue in the Supplement and, therefore, the Court directed her to do so in the "supplement to the Supplement." *Id.* at 3.

[3] Plaintiff also generally cites to *Naeh Media Grp. LLC v. City of Lauderhill*, 2024 U.S. App. LEXIS 6358, at *7 to 8 (11th Cir. Mar. 18, 2024), for the proposition that "[a]ll that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests." Doc. 99 at 4. The Court's concern, however, is not that Defendant lacked notice of the claims. Instead, the Court made the inquiry because it appeared that Plaintiff failed to name the correct defendant to begin with or to plead Defendant's relationship Plaintiff's employer. The

relationship exists, but these cases do not persuade the Court that Plaintiff may remedy her failure to name the limited liability company as a defendant or allege a parent-subsidiary relationship in the Complaint by presenting evidence at the default judgment stage.[4]  Such authority may exist but Plaintiff has still not presented it to the Court despite several chances to do so.

---

Court understands that Defendant had the opportunity to defend against Plaintiff's contention that Defendant is liable, but the Court's questions centered around the nature of Defendant's contacts with the forum for personal jurisdiction purposes and whether Defendant should be held liable for discrimination when the evidence shows that it is not Plaintiff's employer.  Plaintiff's reliance on *Naeh Media* does not convince the Court that it is procedurally proper to consider Plaintiff's evidence of a parent-subsidiary relationship to establish the existence of personal jurisdiction when that allegation is absent from the Complaint.

[4]  Plaintiff relies on *Yellow Pages* to support her contention that jurisdiction may be established if a subsidiary acts as a mere agent to the parent.  Doc. 99 at 2 to 3.  Since there is allegedly "substantial evidence that CENTR Brands USA LLC has no semblance of independence from CENTR Brands Corp and is no more than an agent existing to serve only the parent's needs," Plaintiff contends that there is personal jurisdiction over the parent company. *Id*. at 3.  Again, that may be, but Plaintiff has not provided the law that shows it is proper for the Court to consider that "substantial evidence" upon consideration of a motion for default judgment when Plaintiff failed to include allegations regarding the parent-subsidiary relationship in the operative pleading.

Plaintiff's reliance on *In re Nilhan* is also misplaced.  In *In re Nilhan*, the bankruptcy court considered whether an assignee to a claim could hold a debtor liable through a reverse veil-piercing theory.  627 B.R. at 531.  The bankruptcy court found there was evidence that an individual treated the "[d]ebtor as a family company" and the assignee was not precluded from veil-piercing simply because the individual did not have a controlling interest in the debtor LLC.  *Id*. at 533.  Since the bankruptcy court mentioned the evidence of the familial relationship, Plaintiff contends that the Court should also consider her "substantial evidence" that CENTR Brands USA, LLC lacked independence from its parent company.

First, the Court is not persuaded that the bankruptcy court's brief reflection that there was evidence of a familial relationship means that the Court should enter default here.  Second, with respect to the familial relationship analysis, the bankruptcy court goes on to state that "there are **allegations** that [the individual] is the [d]ebtor's true owner." *Id*. (emphasis added).  There are no such allegations in a pleading here.  As such, the Court is not persuaded that *In re Nilhan* demonstrates that "a court may analyze the relationship between entities even when the complaint lacks explicit allegations" as Plaintiff asserts.  Doc. 99 at 2.

In sum, the Court is not convinced that Plaintiff has demonstrated entitlement to default against Defendant based on *Yellow Pages* or *In re Nilhan*.  Again, there remains a question that Plaintiff has not adequately answered to satisfy the Court's concern that the allegations that purportedly

- 3 -

In any event, Plaintiff alternatively moves for leave to amend her pleading pursuant to Federal Rule of Civil Procedure 15(a). Plaintiff argues that "Defendant knew or should have known that the action would have been brought against CENTR Brands USA, LLC, but for the mistake of the proper party's identify [sic]." Doc. 99 at 7.[5] As such, Plaintiff moves for leave to amend the Complaint to "properly identify the name of the Defendant." *Id*.

Upon due consideration, the Court finds that leave to amend is warranted. Even though the deadline to amend the pleadings in this case has passed (*See* Doc. 34), Plaintiff has demonstrated good cause to modify the Case Management Scheduling Order to allow for the amendment. *See* Fed.R.Civ.P. 16(b)(4). The Court also finds that amendment should be given because justice so requires given the circumstances of this case. *See* Fed.R.Civ.P. 15(a)(2).

Based on the foregoing, it is **ORDERED** that:

1. Plaintiff's Motion for Default Judgment (Doc. 77) is **DENIED without prejudice**;

2. Plaintiff's request for leave to amend included within the Notice (Doc. 99) is **GRANTED** to the extent that **on or before May 15, 2025**, Plaintiff may file an Amended Complaint;

3. if Plaintiff adds a party to this case through the amendment, Plaintiff shall serve the added party **on or before June 8, 2025**; and

4. if Plaintiff adds a party to this case through amendment **and** names CENTR Brands Corp. as a defendant, then Plaintiff's deadline to move for default against CENTR

---

establish jurisdiction over Defendant are entirely absent from the Complaint. It seems that if Plaintiff's failure to name the LLC was just a "technical deficiency" that can be remedied upon consideration of evidence at the default judgment stage, Plaintiff would have presented authority that clearly supports that proposition.

[5] Despite this statement, Plaintiff clarifies that she does not concede that CENTR Brands Corp. is an improper party. Doc. 99 at 7 n.1.

Brands Corp. is **STAYED** pending resolution of any claims against the newly added party.

**ORDERED** in Orlando, Florida on May 8, 2025.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE